Raph Graybill
Rachel Parker
GRAYBILL LAW FIRM, PC
300 4th Street North
PO Box 3586
Great Falls, MT 59403
(406) 452-8566
raph@graybilllawfirm.com
rachel@graybilllawfirm.com

Molly E. Danahy
Andres Haladay
UPPER SEVEN LAW
P.O. Box 31
Helena, MT 59624
(406) 998-6067
molly@uppersevenlaw.com
andres@uppersevenlaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| ZOE JOHNSON AND ANNETTE CLAFLIN, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> STATE OF MONTANA and the MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES, <br><br> *Defendants*. | Cause No. 9:26-cv-00071-DLC <br><br><br> **BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND** |

In this case, Plaintiffs Zoe Johnson and Annette Claflin, on behalf of themselves and all others similarly situated, bring suit against the State of Montana and the Montana Department of Health and Human Services for its negligent administration of the Montana Medicaid program during the "unwinding" process, resulting in foregone medical treatment and other damages suffered by Montanans

who were permanently eligible for coverage or who did not receive adequate process required by state law.  Plaintiffs' Amended Complaint removes any claims founded on federal law; the claims that remain arise under state law only, and clarify that the gravamen of the Complaint focuses on the State of Montana's negligent administration of its own program.

Under these circumstances—where the Amended Complaint includes no federal claims—the United States Supreme Court is clear: the Court lacks subject matter jurisdiction and must immediately remand to Montana state court.  *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025).

## BACKGROUND

Plaintiffs filed their Complaint in Montana's Fourth Judicial District Court on March 3, 2026.  On May 14, 2026, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446.  (Doc. 1.)

On June 11, 2026, concurrent with this filing, Plaintiffs filed an Amended Complaint, which no longer provides any basis for federal question jurisdiction. This Motion to Remand follows.

## ARGUMENT

In *Royal Canin U.S.A., Inc.*, the Supreme Court unanimously held:

When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state law behind, the court's power to decide the

> dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims.

604 U.S. at 30.  This Court has repeatedly followed the Supreme Court's command in *Royal Canin*, remanding to state court where an amended complaint removes federal claims.  *See, e.g.*, Order Remanding to Montana Fourth Judicial District Court, *Montana Public Interest Research Group v. State of Montana et al.*, No. 9:25-cv-00082-DWM (D. Mont. July 10, 2025); Order Remanding to Montana First Judicial District Court, *Disability Rights Montana et al. v. State of Montana et al.*, No. 6:25-cv-00048-JTJ (D. Mont. Aug. 4, 2025).

The clear and unambiguous rule announced in *Royal Canin* squarely applies here.  Plaintiffs have amended their complaint following Defendants' removal of the suit to this Court, and that Amended Complaint "eliminates the federal-law claims that enabled removal, leaving only state law behind."  *Royal Canin*, 604 U.S. at 30.  This Court therefore no longer has jurisdiction over this dispute.

To the extent Defendants argue that Plaintiffs' Amended Complaint raises questions that could touch on federal Medicaid regulations, that alone does not provide a basis for federal question jurisdiction.  The well-pleaded complaint rule governs: federal jurisdiction exists only when a federal question appears on the face of a properly pleaded complaint.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiffs are the masters of their complaint and may rely exclusively on state law.

Even references to federal regulations as evidence of a duty or standard of care in support of state law claims do not transform the claims into federal questions or permit supplemental jurisdiction in the absence of a disputed and substantial federal question.  *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ("[T]he mere use of a federal statute as predicate for a state law cause of action does not necessarily transform that cause of action into a federal claim.").  It is well established that,

> [w]hen a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.

*Est. of Champion by & through Cellan v. Billings Skilled Nursing Facility, LLC*, 591 F. Supp. 3d 892, 902 (D. Mont. 2022) (quoting *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)).  This rule controls, and requires remand, to the extent the State, in response, argues that Plaintiffs' claims implicitly reference federal Medicaid authorities—which are not essential to Plaintiffs' claims, but would not alone provide a basis for federal jurisdiction even if they were.

In *Champion*, this Court remanded a case in which the plaintiff alleged eight Montana law causes of action.  "The only claim that mentions federal law, negligence per se, alleges violations of Montana law and 'the federal public health regulations set forth in 42 C.F.R. Subpart B.'"  *Id.*  The Court remanded, under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545

4

U.S. 308 (2005), because "[a] claim based on both violations of state and federal law . . . does not necessarily 'arise under' federal law." *Id.* The same analysis controls here.

The Amended Complaint pleads claims under Montana state law and the Montana Constitution only. Any implied reference to federal Medicaid regulations goes to an element of proof under state negligence law, not to any cause of action arising under federal law. There is no actual dispute regarding the meaning or effect of the federal regulations—only the Department's negligent administration thereof.

Because this Court lacks subject matter jurisdiction, it must remand.

Respectfully submitted this 11th day of June, 2026.

*/s/ Raph Graybill*  
GRAYBILL LAW FIRM, PC  
300 4th Street North  
PO Box 3586  
Great Falls, MT 59403  
(406) 452-8566  
raph@graybilllawfirm.com

*/s/ Andres Haladay*  
UPPER SEVEN LAW  
P.O. Box 31  
Helena, MT 59624  
(406) 998-6067  
andres@uppersevenlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that this brief is double spaced, is printed in proportionately spaced Times New Roman 14-point text and contains 894 words, excluding the caption, signature block, certificate of service, and this certificate of compliance.

*/s/ Raph Graybill*
Raph Graybill


## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2026, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

*/s/ Raph Graybill*
Raph Graybill